IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM E. LIEBEL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-24-894-SLP |
| TERRI ROBERTSON, et al., | ) |
| Defendants. | ) |

## **O R D E R**

The Court is in receipt of a Motion for Emergency Relief filed by Defendant Theresa Framel [Doc. No. 54] that seeks various relief including "enforcement of protective orders," "free PACER access" and "extension to respond to petitions." At the outset, the Court notes that the Motion purports to be filed by "Theresa Framel, appearing pro se," yet the signature appears to be signed by "her Power of Attorney A.T." *Id.* at 1, 5. Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party *personally* if the party is unrepresented." Further, the "court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* Finally, Rule 11(a) also requires the filing to "state the signer's address, e-mail address, and telephone number."[1] *Id.* Because it

---

[1] The Court is sensitive to the fact that Ms. Framel raised concerns of her personal security arising from prior unrelated state court proceedings. If Ms. Framel is unwilling or unable to engage counsel that could appear on her behalf and have contact information listed with the Court for purposes of this lawsuit, then Ms. Framel is obligated to comply with Rule 11. However, while the Court is mindful of the mandates of Rule 11, the Court is also willing to consider proposed alternative options for how the parties and the Court may serve and contact Ms. Framel while also attempting to maintain her security. Any proposed alternatives submitted by Ms. Framel should

appears that "A.T." is not an attorney representing Defendant Framel but signed the paper on her behalf, the Motion must be STRICKEN.

However, the Court will sua sponte extend the deadline for Defendant Framel to answer or otherwise respond to the Complaint and Cross-Claims until July 18, 2025. Defendant Framel is cautioned that any future filings, including Answers or responsive pleadings to the claims against her, must comply with the Federal Rules of Civil Procedural and the Local Civil Rules of this Court or else they may be stricken. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[P]ro se parties [must] follow the same rules of procedure that govern other litigants," including the Federal Rules of Civil Procedure and this Court's Local Civil Rules (which are available on the Court's website)).

Defendant Framel is further cautioned that the Court does not anticipate granting any additional extensions for time to respond, and failure to timely file an Answer may result in default judgment. If Defendant Framel wishes to seek affirmative relief, she must do so in the form of a Motion or counterclaim or cross-claim in compliance with applicable rules.

As to the request for a PACER exemption, Defendant Framel may file a Motion requesting an exemption that contains the following information:

1. Name of individual requesting exemption

---

be in a Motion that identifies the specific proposals as well as supporting legal and factual authority for said proposals. The Court reminds Ms. Framel that it cannot—and will not—give legal advice to litigants, even those appearing pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]t is [not] the proper function of the district court to assume the role of advocate for the pro se litigant.").

2. Contact information, including address, phone number and email address

3. PACER account number to receive exemption

4. Purpose of exemption request

5. Dates covered by exemption (specific time frame)

Failure to include all of the above information may result in the request being denied. Given the unique circumstances presented by Defendant Framel, she may file this specific motion under seal.

The purpose of an exemption is to avoid unreasonable burdens and to promote access to information. If granted, an exemption will terminate upon the completion of the time period requested and any misrepresentations in the exemption request or misuse of the PACER account covered by the exemption will result in immediate revocation.

IT IS THEREFORE ORDERED that Defendant Framel's Motion for Emergency Relief [Doc. No. 54] is STRICKEN.

IT IS FURTHER ORDERED that the Court sua sponte extends the deadline for Defendant Framel to answer or otherwise respond to the Foreclosure Petition [Doc. No. 1-2] and Cross Claims [Doc. Nos. 5, 11] until July 18, 2025.

IT IS FURTHER ORDERED THAT Defendant Framel may submit a separate motion requesting a PACER exemption under seal as stated herein.

IT IS SO ORDERED this 2nd day of July, 2025.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE