# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

WILLIAM E. LIEBEL,            )
                                  )
       Plaintiff,             )
                                  )
v.                           )      Case No. CIV-24-894-SLP
                                  )
TERRI ROBERTSON, et al.,     )
                                  )
       Defendants.         )

## **O R D E R**

Before the Court are three Motions to Dismiss Theresa Framel's Counterclaims and Crossclaims. The first is filed by Plaintiff William Liebel [Doc. No. 76]; the second is filed by Small Business Association ("SBA") [Doc. No. 77]; and the third is filed by Oakdale Meadows Estates Homeowners Association (the "HOA") [Doc. No. 97]. Defendant Framel has not filed a response to any of the Motions, and the time to do so has passed. In the interests of judicial efficiency, rather than address the pending Motions, the Court sua sponte DISMISSES Ms. Framel's claims asserted in various pleadings [Doc. Nos. 67, 68, 70, 71] for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.[1]

---

[1] Certainly, the parties' Motions raise Rule 8 concerns, including Ms. Framel's failures to identify factual development necessary to state a plausible claim for relief as well as the allegations consistently referring to Defendants "collectively" such that an individual defendant does not have fair notice of the claims against it. *See e.g.*, [Doc. No. 77] at 2–3. But the Court sua sponte raises the issue pursuant to Fed. R. Civ. P. 41(b). *See Sladek v. Bank of Am., NA*, No. 24-1181, 2024 WL 4224029 at *4 (10th Cir. Sept. 18, 2024); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 and n. 2 (10th Cir. 2007) ("And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

I.      **Background**

Defendant Theresa Framel, appearing pro se, filed numerous counterclaims and crossclaims in conjunction with her answers to Plaintiff, the SBA, and the HOA. *See* [Doc. Nos. 67, 68, 70, 71]. Despite this case being filed nearly two years ago, the action is still at the pleading stage. This is due in no small part to repeated requests for extensions and failures to timely comply by Ms. Framel. Indeed, the docket is littered with stricken filings and orders admonishing Ms. Framel regarding her repeated non-compliance with this Court's Local Rules and the Federal Rules of Civil Procedure. *See, e.g.*, Orders [Doc. Nos. 55, 59, 62, 65, 72, 85]. Now, the Court turns to Ms. Framel's claims asserted in her various answers.

II.     **Governing Standard**

Under Rule 8 of the Federal Rules of Civil Procedure, Ms. Framel's pleadings "must contain . . . a short and plain statement of the claim showing that [she] is entitled to relief," Fed. R. Civ. P. 8(a)(2), with allegations that are "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). Rule 8 "does not require detailed factual allegations, . . . [but] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Rule 8 serves two purposes. It gives opposing parties fair notice of the basis of the claim(s) against them so that they may respond to the complaint. And, it apprises the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). As the Tenth Circuit has explained:

2

> Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.

*Id*.

As a pro se litigant, Plaintiff is entitled to a liberal construction of her pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But even so, the Court must "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).  Furthermore, a pro se litigant must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  And the Court will not assume the role of advocate on behalf of a pro se litigant. *See Kincaid v. Unified Sch. Dist. No. 500*, 94 F.4th 936, 947 (10th Cir. 2024).

Moreover, where, as here, a plaintiff sues multiple defendants, the pleading should "explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's actions harmed him or her; and, what specific right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Such allegations provide each defendant "sufficient notice to begin preparing its defense" and the court "sufficient clarity to adjudicate the merits." *Id.*  "If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule

8." *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (citing *Nasious*, 492 F.3d at 1161, n. 2).

### III.    Discussion

Ms. Framel's pleadings fail to comply with the requirements of Rule 8. She fails to identify with any clarity the factual or legal bases for her claim(s). She also alleges "claims" that are not cognizable causes of action such as requests for Rule 11 sanctions and claims for "improper service." *See, e.g.,* [Doc. No. 68] at 3; [Doc. No. 70] at 3. Moreover, Ms. Framel fails to separately identify her claims as to each defendant. Under these circumstances, dismissal of Ms. Framel's claims is proper. *See, e.g., McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) ("It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action."). The Court further finds that leave to amend is not warranted on futility grounds.

Finally, because Ms. Framel appears pro se, she can only bring claims on behalf of herself. *See, e.g., Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring [her] own claims to federal court without counsel, but not the claims of others."). Thus, to the extent Ms. Framel purports to brings claims on behalf of any other person or entity, dismissal of those claims is proper.

### IV.    Conclusion

IT IS THEREFORE ORDERED that the Court sua sponte DISMISSES without prejudice the crossclaims and counterclaims asserted by Ms. Framel in her Answers [Doc. Nos. 67, 68, 70, 71].

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss [Doc. No. 76], the SBA's Motion to Dismiss [Doc. No. 77], and the HOA's Motion to Dismiss [Doc. No. 97] are DENIED as MOOT.

IT IS SO ORDERED this 27th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE