## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1)  WILLIAM E. LIEBEL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-894-SLP |
| | ) |
| 1)  TERRI ROBERTSON aka TERRI FRAMEL | ) |
| ROBERTSON aka TERRI FRAMEL aka THERESA | ) |
| FRAMEL aka THERESA L. FRAMEL aka THERESA | ) |
| LYNN FRAMEL; | ) |
| 2)  NASARIA STELLA SCHWARTZ aka | ) |
| N.S. SCHWARTZ AS TRUSTEE OF THE OMEGA | ) |
| 2002 TRUST aka THE THERESA L. FRAMEL | ) |
| 2002 REVOCABLE TRUST, DATED THE 6TH DAY | ) |
| OF MARCH, 2002; | ) |
| 3)  UNITED STATES OF AMERICA | ) |
| ex rel. SMALL BUSINESS ADMINISTRATION; | ) |
| 4)  OAKDALE MEADOWS ESTATES HOMEOWNERS | ) |
| ASSOCIATION; | ) |
| 5)  OKLAHOMA COUNTY TREASURER; and | ) |
| 6)  THE OKLAHOMA COUNTY BOARD OF | ) |
| COUNTY COMMISSIONERS, | ) |
| | ) |
|     Defendants. | ) |

## O R D E R

Before the Court is Plaintiff's Motion for Entry of Default by the Clerk [Doc. No. 110] wherein Plaintiff seeks a clerk's entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against Defendant Nasaria Stella Schwartz aka N.S. Schwartz as Trustee of The Omega 2002 Trust aka the Theresa L. Framel 2002 Revocable Trust, dated the 6th day of March, 2002 and against Defendant Terri Robertson aka Terri Framel Robertson aka Terri Framel aka Theresa Framel aka Theresa L. Framel aka Theresa Lynn Framel.  As to Ms. Schwartz as Trustee of the Trust, the Motion is GRANTED.

As to Ms. Framel, a clerk's entry of default under Rule 55(a) is not the appropriate vehicle to seek default on the current record.  Rule 55(a) operates on a narrow predicate: it requires that a party have "failed to plead *or otherwise defend*."  Fed. R. Civ. P. 55(a).  Although Ms. Framel has not filed an answer to the Amended Complaint pursuant to Rule 15(a)(3), she did file answers to the original complaint and crossclaims.  *See* [Doc. Nos. 67–68, 70–71].  Thus, the Court finds that Ms. Framel has attempted to "otherwise defend" in this action, precluding default under Rule 55(a).  *See SEC v. Bravata*, No. 09-12950, 2013 WL 10098974, at *5 (E.D. Mich. Sept. 10, 2013) (declining to enter default under Rule 55(a) where pro se defendant had not answered the amended complaint but had "filed many papers in the case" and "repeated often and loudly the same basic demand: he wants his day in court").  This ruling, however, does not preclude Plaintiff from seeking default against Defendant Framel under a separate procedural mechanism including, but not limited to, Rule 16(f) or the Court's inherent authority to sanction litigants.  Plaintiff's Motion is DENIED WITHOUT PREJUDICE as to Ms. Framel.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Default by the Clerk [Doc. No. 110] is GRANTED IN PART and DENIED IN PART.  The Motion is granted as to Defendant Schwartz as Trustee of the Trust, and a separate entry of default shall be filed by the Clerk.  The Motion is denied without prejudice to seeking default under a different procedural mechanism as to Defendant Framel.

IT IS SO ORDERED this 28th day of April 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

2