**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| WILLIAM E. LIEBEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-894-SLP |
| | ) | |
| TERRI ROBERTSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court are two filings by Defendant Theresa Framel on the same day. First, Ms. Framel filed an Emergency Motion for Temporary Restraining Order (TRO) and Stay of Foreclosure Proceedings (TRO Motion). [Doc. No. 122]. Second, Ms. Framel filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, Lack of Standing, and Fraud Upon the Court (Motion to Dismiss). [Doc. No. 123]. For the reasons stated below, both Motions are **DENIED.**

The Court has repeatedly advised Ms. Framel that, although she is proceeding pro se in her individual capacity, she is nevertheless required to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. *See e.g.*, Orders [Doc Nos. 55, 59, 62, 65, 72, 85, 108, 109]; *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (a pro se litigant must "follow the same rules and procedures that govern other litigants."). The Court has further informed Ms. Framel that she is required to answer or otherwise respond to Plaintiff's Amended Complaint. [Doc. No. 104].

Despite Ms. Framel's continuous filing of pleadings, she has failed to answer or otherwise respond to Plaintiff's Amended Complaint.  Defendant Framel has also failed to participate in a status conference on this matter, and she has failed to participate in the subsequent drafting of a Joint Status Report.  *See* [Doc. Nos. 84 and 85].  On May 4, 2026, Plaintiff filed his Motion for Sanctions as to Defendant Framel, requesting that Ms. Framel be deemed in default for her failure to participate in this litigation.  [Doc. No. 113].  Now, following Plaintiff's Motion for Sanctions and this Court's scheduling of another status conference, Defendant Framel has filed the Motions referenced above.  [Doc. Nos. 122 and 123].

Defendant Framel has failed to answer or otherwise respond to Plaintiff's Amended Complaint, and she has failed to respond to Plaintiff's Motion for Sanctions.  If Defendant Framel wishes to contest Plaintiff's Complaint and Motion for Sanctions, she must do so within the provisions of this Court.  *See* Fed. R. Civ. P. 15 (governing amended and supplemental pleadings as well as time to respond); *see also* Fed. R. Civ. P. 11(c) (governing motions for sanctions as well as time to respond).  Defendant Framel cannot now, in the face of default, sidestep the rules of this Court by filing the Motions referenced above.  Moreover, in her TRO Motion, Defendant Framel failed to raise any new arguments or present any new evidence to support injunctive relief.  Accordingly, Defendant Framel has failed to meet the very high burden one bears when seeking a TRO.  *See People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1138 (D.N.M. 2018) ("Injunctive relief is an 'extraordinary remedy,' and the movant must demonstrate a 'clear and unequivocal right' to have a request granted.") (citations omitted).  Further,

Defendant Framel has not presented a new argument or any new evidence to support a lack of jurisdiction or standing.

IT IS THEREFORE ORDERED that Defendant Framel's Emergency Motion for Temporary Restraining Order (TRO) and Stay of Foreclosure Proceedings [Doc. No. 122] is **DENIED.**

IT IS FURTHER ORDERED THAT Defendant Framel's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Lack of Standing, and Fraud Upon the Court [Doc. No. 123] is **DENIED.**

IT IS SO ORDERED this 22nd day of May, 2026

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE